Vreeland *v.* Blauvelt.

## VREELAND *vs.* BLAUVELT.

1. Where, under a devise to A, B, and C, and if any of them should die leaving no lawful issue, then to the survivors, A and B conveyed and released the real estate so devised to C, by deed with full covenants, including a general warranty, C has a good and indefeasible title thereto, and a contract for the purchase of such real estate will be enforced.

2. In such case, if C survived A and B, and died without lawful issue, the issue of A or B, (should any there be,) would not take by virtue of the devise. C's estate is defeasible only by his death without lawful issue, and in the lifetime of either A or B. But at that instant their estate passes by the conveyance.

3. An instrument which legally creates an estoppel to a party undertaking to convey real estate, having nothing in the estate at the time of the conveyance, but acquiring a title afterwards by descent or purchase, does in fact pass an interest and a title from the moment such estate comes to the grantor.

4. A court of equity will not compel a purchaser to take a doubtful title. If there is such an uncertainty about the title as to affect its marketable value, even though a court might consider it good, still the contract may (not) be specifically enforced. But there must be some debatable grounds on which the doubt can be justified.

5. The clear and settled law of the state is, that whenever, if at all, the title conferred by the will shall be determined, and the devisee before that time shall have conveyed the lands, the title conferred by the conveyance will at the same point, and at the same instant, be continued.

Michael D. Vreeland, by his will proved October, 1830, devised lands to each of his three grandchildren, Michael, Isaac, and Margaret severally. He further devised as follows:

"Item. I further order and direct if any of my grandchildren, Michael, Isaac, or Margaret, should die leaving no lawful issue, then in such case that the survivors should have that property which I have devised to the then deceased, in equal portions, share and share alike."

Michael and Margaret, by their deed of bargain and sale with full covenants, including a general warranty, and dated July 31st, 1872, conveyed and released to Isaac the real estate devised to him by his grandfather as above.

Afterwards, Isaac duly agreed with the defendant Blauvelt to sell to him, and Blauvelt agreed to buy a portion of the land so devised and so conveyed. The defendant declined to complete the purchase, and the bill is against him for specific performance.

The defendant demurs, on the ground that the bill does not show a good and indefeasible title.

The cause was argued before the Vice-Chancellor.

*Mr. G. Ackerson, Jr.*, for complainant.

*Mr. L. Zabriskie*, for defendant.

The Vice-Chancellor.

The complainant in this case took under his grandfather's will a fee simple estate, but it was not an indefeasible estate. It would not descend to his heirs or pass to his devisees or assigns, in case he should die without lawful issue, and in the lifetime of either his brother Michael or his sister Margaret. It would under the will go to them. This is admitted; and it is also admitted that if Michael or Margaret should die before the happening of Isaac's death as above, the survivor would take the whole. In such case the complainant insists

that the deed of July 31st, 1872, would operate as an estoppel, and would pass to Isaac's assigns the title acquired by Michael and Margaret, or either of them, in consequence of Isaac's death without issue.

There can be no doubt, I think, that this insistment is correct. It seems to be expressly and conclusively sustained by the Court of Errors of this state, in *Moore* v. *Rake*, 2 *Dutcher* 574. The doctrine there applied and declared to be a general principle deducible from all the authorities is, that an instrument which legally creates an estoppel to a party undertaking to convey real estate, having nothing in the estate at the time of the conveyance, but acquiring a title afterwards by descent or purchase, does in fact pass an interest and a title from the moment such estate comes to the grantor. This being so, it is incontrovertible that in the event of Michael or Margaret being alive at Isaac's death, without lawful issue, the deed already executed by them would pass the title they or either of them should then acquire. In the contingency so far supposed the title offered by the complainant's bill is good, and the demurrer is without ground to stand on.

But it is said that the further contingency is to be supposed of the death of both Michael and Margaret before the death of Isaac, and that upon his death without lawful issue, the issue of Michael or Margaret would take by virtue of the devise. I think it perfectly clear that the issue of either Michael or Margaret would not take, and that the estate of Isaac is defeasible only upon the happening of the precise events specified in the will, viz. his death without lawful issue and in the lifetime of either Michael or Margaret. This is what the will says, and I can see no reason or principle in giving it any other effect or meaning. This plain, natural, and literal construction is expressly adjudged to be the lawful one, in *Seddel* v. *Wills, Spencer* 223.

A court of equity will not compel a purchaser to take a doubtful title. If there is such an uncertainty about the title as to affect its marketable value, even though a court might

consider it good, still the contract may not be specifically enforced. But there must be some debatable grounds on which the doubt can be justified. These grounds do not exist here. The objection here is that the title under the will is defeasible. The answer is, that the defeasibility is fully met and remedied by the conveyance. The complainant is now vested with a good and indefeasible title. The clear and settled law of the state is, that whenever, if at all, the title conferred by the will shall be determined, the title conferred by the conveyance will at the same point, and at the same instant, be continued. In no way can the title offered by the complainant be destroyed or impaired by the defeasible character arising out of the provisions of the will.

The other points relied on by the complainant, as to the operation of the deed as a release, I think insufficient, standing alone, to support a decree; but it is unnecessary to hold them altogether without force.

I shall advise a decree in accordance with the above.