The complainant agreed to buy the defendant's property, and paid down $2,000, which he now seeks to recover because, as he charges, the defendant was unable to give a clear title. In 1907 Peter Young conveyed the property to one Franz and took in part payment a $1,500 purchase-money mortgage. Two years later Franz turned back the property to Young, and in the deed recited that it was conveyed subject to the mortgage. Young died, leaving his estate, real and personal, to his widow, who was also executrix of his will. Mrs. Young, the widow and devisee, in 1911, conveyed the premises to the defendant's mediate grantor free of encumbrance. The defendant tendered himself ready to convey at the time fixed for settlement, but the complainant refused, contending that the uncanceled of record purchase-money mortgage was a lien or cloud on the title. The bill counts on the right of the complainant to rescind the contract because of the default in the defendant's title in this respect. The defendant has a good and marketable title. There is twice evidence of *Page 65 
merger of the mortgage and the fee — by the conveyance from the mortgagor to the mortgagee, and again by the warranty deed of the latter's widow, the devisee of the fee and the sole legatee of her husband's personal estate, in whom the mortgage vested if it had not previously merged. Additional proof is the acceptance of the conveyance by the mortgagee "expressly" subject to his mortgage. It is the ordinary case of a mortgagee taking over the mortgage premises in extinguishment of his mortgage debt. Merger is presumed as a matter of law from the uniting of the greater and less estates in the same person. The presumption is rebuttable, but only to accommodate the intention of the parties and to serve the ends of justice. In the absence of indications of a contrary intention the merger is deemed complete. Clos v.Boppe, 23 N.J. Eq. 270; Saling v. Saling, 95 N.J. Eq. 611;10 R.C.L. 666. The uncanceled mortgage is not an outstanding lien or cloud on the record title, for the record itself discloses that it is merged in the fee.
There is some controversy as to whether the parties had agreed on the day fixed for the settlement (April 15th) that the contract should remain in abeyance to await the outcome of a suit to test the defendant's title, but the merits of that are immaterial at this time and the decision must be on the issue raised by the pleadings as to the right of the complainant to rescind and recover because of the defendant's alleged failure to deliver good title as he had agreed to do. The question does not turn upon whether equity, in the exercise of its discretion, in a suit for specific performance, would compel the complainant to perform (no doubt is entertained that it would were that the issue. Fry. Spec. Perf. 666; Lippincott v. Wikoff, 54 N.J. Eq. 107; Vreeland v. Blauvelt, 23 N.J. Eq. 483), but is to be determined as at law for the recovery as upon rescission after breach of contract. The complainant is seeking to enforce a clear legal right, and if this case were tried at law the trial judge would be required to give binding instructions to the jury that the title was good and to find for the defendant. The jurisdiction of equity is invoked simply because the law *Page 66 
courts cannot afford relief against the property upon which the complainant claims to have an equitable lien for his debt. Pom.Eq. Jur. § 1263.
The bill will be dismissed.