Morrell and wife executed a mortgage to Mueller and wife, recorded July 15th, 1929. They executed a second mortgage to Pierson, recorded January 9th, 1932, which Pierson assigned to A.H. Grover Company by assignment dated May 18th, 1932, and recorded two days later. By warranty deed dated January 18th, 1932, recorded May 3d 1932, Morrell and wife conveyed the mortgaged premises to Mueller and wife, expressly subject to encumbrances of record, the consideration being stated as "one dollar and other good and valuable considerations." The question to be determined is: Did the conveyance by the mortgagors to the mortgagees operate to merge the mortgage in the fee and extinguish the *Page 201 
mortgage debt, so as to make the second mortgage now held by the Grover Company a paramount lien?
Merger is not favored in equity and is never allowed unless for special reasons and to promote the intention of the parties, and where the equities are subserved by keeping the mortgage alive and no injury or injustice is thereby wrought, the lien of the mortgage is not extinguished. In other words, a merger will not be effected if it will injure the mortgagee and the holding of his mortgage alive will not be detrimental to the rights of others. Clos v. Boppe, 23 N.J. Eq. 270; Parker v. Child,25 N.J. Eq. 41; Hoppock's Ex'rs v. Ramsey, 28 N.J. Eq. 413;Andrus v. Vreeland, 29 N.J. Eq. 394; Nagle v. Conrad, 79 N.J. Eq. 124; affirmed, 80 N.J. Eq. 252; Tennenberger v. Sozio,101 N.J. Eq. 64; Dieckmann v. Walser, 112 N.J. Eq. 46; Van Wagenen
v. Brown, 26 N.J. Law 196; Duncan v. Smith, 31 N.J. Law 325;Mulford v. Peterson, 35 N.J. Law 127; N.J. Insurance Co. v.Meeker, 40 N.J. Law 18.
The facts are practically undisputed. The principal of the Mueller mortgage became due July 1st, 1930. On January 18th, 1932, not only was the principal unpaid, but interest and taxes were in arrear and the Muellers were pressing for payment. The parties discussed the situation with Mr. Doyle, a real estate broker, and Doyle suggested that the Morrells convey the property to the Muellers on condition that the Morrells be given time to redeem on payment of the arrears. To this suggestion the Muellers assented and Doyle prepared a deed to them, absolute on its face, which the Morrells executed, and at the same time he prepared an agreement, dated January 20th, 1932, which both parties signed, under which the Morrells were permitted to remain in occupancy of the property and were given until May 1st, 1932, to redeem by paying arrears of interest, taxes and expenses. Doyle held the deed unrecorded and when on May 1st, 1932, the Morrells announced their inability to discharge the arrears, he filed it for record. The negotiations on behalf of the mortgagees with Doyle were conducted by Mr. Mueller (who is now dead), his wife having no part therein except that she *Page 202 
signed the agreement. The Morrells did not inform Doyle, or the Muellers, of the existence of the second mortgage and the Muellers and Doyle were not aware of such an encumbrance until after the deed was recorded.
The Muellers agreed to accept the deed to save themselves the trouble and expense of a foreclosure, but they did not know of the Grover Company mortgage, hence they did not agree to discharge that mortgage as part consideration for the conveyance. By accepting the deed they did not assume payment of the encumbrances and the expression in the deed that the conveyance was made subject to encumbrances, must be read in the light of the evidence that the only encumbrances the parties had in mind were taxes and the Mueller mortgage. When Doyle placed the deed on record, the Muellers did not surrender their mortgage and it had not been canceled of record. It was to their interest to hold it as a subsisting lien for protection against any unknown claim which might be asserted by others and the fact that they retained possession of it and did not discharge it of record, supports their claim that they did not intend it to merge with the equity of redemption.
It may be argued that it will work an injustice on the Morrells if it be held that the Mueller mortgage did not merge in the fee, because if there is no merger and on a sale the property does not realize sufficient to satisfy the Mueller mortgage, the Morrells would be liable to the Muellers and the Grover Company for any deficiency, whereas if there is a merger, liability for a deficiency would exist as to the Grover Company mortgage only. But the fault for the latter situation would result from the failure of the Morrells to inform the Muellers of the existence of the Grover Company mortgage, whether such information was withheld intentionally or not. The Morrells are defendants in this suit and a decree pro confesso has been entered against them.
The Grover Company accepted its mortgage with knowledge of the prior lien held by the Muellers and up to the moment the deed was placed on record, the priorities between the Muellers and the Grover Company were fixed. The conveyance *Page 203 
to the Muellers worked no injury to the Grover Company and in no way prejudiced its rights as established prior to the conveyance, and the Grover Company presents no reason, other than the unfavored claim of merger, why the priority of lien under the Mueller mortgage should now be held to be extinguished. To recognize such a claim would be to transpose the equities and to require the Muellers to pay off the Grover Company mortgage and look to the equity of redemption above that mortgage to satisfy the Mueller mortgage debt and thus create a situation which does not appeal to me as equitable.
A decree will be advised that the Mueller mortgage did not merge in the fee and that it remains a lien on the mortgaged premises prior to the lien of the Grover Company mortgage, for the full amount of principal and interest due thereon. The Muellers have been in possession of the premises since May 1st, 1932, and they should account for the rent received therefrom and credit such rent on their mortgage debt. If the parties can agree upon the amount which should be adjudged to be due on the Mueller mortgage in accordance with these conclusions, they may do so; otherwise I shall refer it to a master to report as to such amount.