The proofs herein do not establish complainant's claim that the conveyance by the defendants Snyder to the defendant Kearny Heights Building and Loan Association of the Snyders' equity of redemption in and to the property in question effected a merger of the mortgage held by said association with the fee acquired by it by the deed of conveyance and extinguished said defendant's mortgage debt whereby the complainant's second mortgage on said property became a paramount lien. Complainant's mortgage bears date July 5th, 1929, and recites that it is second and subordinate to the mortgage held by the Kearny Heights Building and Loan Association bearing date April 13th, 1928. Complainant is now in the same position with respect to her mortgage lien on tracts A and B as she was when her mortgage was placed thereon. The deed to said association relates only to tract B. Merger is not favored in equity and will not be decreed except to effect a fulfillment of intention of parties, and will not be effected if thereby the mortgagee to whom a deed of conveyance is given is injured when holding a mortgage to be a subsisting lien will not be detrimental to the rights of others. Simultaneous with the delivery of the deed the Snyders assigned to the grantee certain shares of stock of the Kearny Heights Building and Loan Association. Neither the shares of stock or the association's mortgage were canceled. It was testified by the secretary of the association that such remained *Page 519 
uncanceled so as to keep the association's mortgage alive. It cannot reasonably be urged that the association would take title to property in question herein upon which it held a first mortgage lien, with the intention of having its mortgage merge in the fee. A presumption of an intention to keep the mortgage security alive may reasonably be inferred from the fact that it is for the interest of the grantee to do so in order to retain priority over complainant's mortgage. The association by its answer and counter-claim denies that there was any intention to merge its mortgage with the fee. When the holder of a mortgage takes a conveyance of the equity of redemption, a court of chancery will consider the mortgage as subsisting when the purposes of justice require it. In Mueller v. Morrell,112 N.J. Eq. 200, Vice-Chancellor Fielder held a mortgagee may accept conveyance of the mortgaged premises from his mortgagor with the intention of releasing the mortgagor's liability for the debt and yet such conveyance may not operate as a merger so as to make a subsequent mortgage a paramount lien against the mortgaged premises. In Dieckmann v. Walser, 112 N.J. Eq. 46, 54,
Vice-Chancellor Bigelow held that a conveyance of a fee to a mortgagee will not work a merger contrary to the intention of the mortgagee, and that where the mortgagee's intention cannot be directly shown, an intention that a merger does not take place will be inferred, if a merger would injure the mortgagee. The rule as to merger is aptly stated by Vice-Chancellor Fielder inMueller v. Morrell, supra, wherein he says: "Merger is not favored in equity and is never allowed unless for special reasons and to promote the intention of the parties, and where the equities are subserved by keeping the mortgage alive and no injury or injustice is thereby wrought, the lien of the mortgage is not extinguished. In other words, a merger will not be effected if it will injure the mortgagee and the holding of his mortgage alive will not be detrimental to the rights of others." Authorities are cited to sustain said rule, and I do not consider it necessary to repeat same herein, or to add thereto. A decreepro confesso has been entered against the Snyders. My conclusion is that the complainant's mortgage, *Page 520 
bearing date July 5th, 1929, is second and subordinate, in priority, to the mortgage held by the Kearny Heights Building and Loan Association bearing date April 13th, 1928, on the premises secondly described in the bill of complaint, hereinabove mentioned as tract B, and I will advise a decree accordingly.