Catherine F. Geissberger, late of the township of North Bergen, Hudson county, New Jersey, died on the 22d day of May, 1934, leaving a last will and testament which was probated *Page 121 
on June 28th, 1934, by the Hudson county orphans court, and letters testamentary thereon were issued to Harry H. Harris, the executor therein named, who is one of the complainants herein. The complainants seek a construction of paragraphs 11 and 12 of the will, and "such instructions as may be equitable and just." Paragraphs 11 and 12 of the will read as follows:
"Eleven: I give, devise and bequeath all of my real estate, including house and lot and other appurtenances erected on the premises known as 147 Grand Avenue, North Bergen, N.J., in which property I now live, together with all of my household furniture, household effects of whatsoever kind and nature, which I now have or will leave at the time of my decease in my residence, to Jessie E. Calverly of Bayonne, N.J., and Loretta Sheridan Freitag of Culver Lake, N.J., as joint tenants with the right of survivorship in the survivor, to have and to hold unto them for their absolute use and benefit forever, with this proviso, however, that as long as both the said Jessie E. Calverly and Loretta Sheridan Freitag shall live, that they shall occupy the upper apartment in my said house together, so that they will have a home so long as they are both alive together, and I hereby direct that one room of the upper floor shall be rented out and that the income from said room shall be paid over to Jessie E. Calverly in order to give her an income for her upkeep. I make this special provision for her and not for Loretta Sheridan Freitag because the said Loretta Sheridan Freitag receives a pension which gives her a steady income. Should either one of them marry, then their ownership in the premises shall become that of tenants in common and they may then be at liberty to sell the said premises and divide the proceeds thereof between them, share and share alike, and should either one of them die before marrying, then the survivor of the two shall become the sole owner of the premises to do with it whatever she deems fit, but so long as they both remain unmarried and are alive, the premises shall not be sold, mortgaged, encumbered or conveyed, excepting in the event that the premises becomes unproductive and it shall become necessary to encumber the same by mortgage or otherwise, for the purpose of paying the carrying charges and the upkeep of the premises, the income thereof shall be used to defray the carrying charges of and the repairs to the premises and the surplus at the end of the year, if any, shall be divided between the two, share and share alike.
"Twelfth: All the rest, residue and remainder of my estate of whatsoever kind and nature, I give, devise and bequeath to my cousin, Anna Mueller, nee Clemm, widow of Hauptmann Mueller, deceased, in appreciation of the good deeds of her parents bestowed upon me."
The complainants and the defendants have stipulated the facts as follows: *Page 122 
"1. The testatrix, Catherine F. Geissberger, late of the township of North Bergen, New Jersey, died on the 22d day of May, 1934, leaving a last will and testament which was on the 28th day of June, 1935, duly admitted to probate by the orphans court of the county of Hudson, a copy of which will is annexed to the bill of complaint heretofore filed in this cause.
"2. The said Catherine F. Geissberger, during her lifetime, purchased the premises described in the bill of complaint and paid the purchase price therefore, but took title in the name of Jessie E. Calverly. The said deed of conveyance dated November 12th, 1924, was made by George F. Bove and Mary H. Bove, his wife, to said Jessie E. Caverly and is recorded in the office of the register of Hudson county in liber 1537 of deeds for Hudson county, page 599, c.
"3. The said Catherine F. Geissberger purchased the property subject to a $7,000 mortgage and had Jessie E. Calverly execute a purchase-money bond and mortgage for $1,750 to George F. Bove.
"4. The said Catherine F. Geissberger sold the said property to one Fred Block and had Jessie E. Calverly execute the deed of conveyance to him, the said deed having been dated June 28th, 1926, and is recorded in the Hudson county register's office in liber 1614 of deeds for Hudson county, page 21, c.
"5. As part of the transaction last mentioned above and in order to refinance the property, satisfy the two mortgages aforesaid and pay the purchase price to Catherine F. Geissberger, Fred Block and Olga B. Block, his wife, executed the following two mortgages which were accompanied by bonds in similar amounts likewise executed by Fred Block:
(a) To the Guaranty Fire Insurance Company for $6,700, which mortgage was recorded in liber 1372 of mortgages for Hudson county on page 571; and
(b) To Catherine F. Geissberger in the sum of $6,300, which mortgage was recorded in liber 1372 of mortgages for Hudson county on page 574.
"6. The $7,000 mortgage and the $1,750 mortgage, subject to which Catherine F. Geissberger bought the property, *Page 123 
were thereupon canceled of record, leaving the property held by Fred Block subject to the two mortgages set forth above in paragraph 5.
"7. On July 26th, 1929, Catherine F. Geissberger took over by assignment from National Guaranty Fire Insurance Company, successor to Guaranty Fire Insurance Company, the $6,700 mortgage aforesaid. Said assignment of mortgage is recorded in liber 196 of assignments of mortgages for Hudson county, page 52, so that as of said date Catherine F. Geissberger was the owner and holder of both the first mortgage and the second mortgage covering the said lands and premises.
"8. Fred Block thereafter defaulted on said bonds and mortgages held by Catherine F. Geissberger and she threatened foreclosure. In order to save herself the trouble and expense of foreclosing these two mortgages she accepted a deed of conveyance covering the said lands and premises, the said deed bearing date December 29th, 1930, made and executed by the said Fred Block and Olga B. Block, his wife, to her, said Catherine F. Geissberger, and is recorded in the Hudson county register's office in liber 1755 of deeds for Hudson county, page 387, c.
"9. The said deed of conveyance last above mentioned contains in part the following recitals:
"`Being the same premises conveyed to Fred Block by Jessie E. Calverly, unmarried, by deed dated June 28th, 1926, and recorded June 29th, 1926, in book 1614 of deeds, page 21.
"`Subject to two certain mortgages, a first mortgage held by Guaranty Fire Insurance Company, a corporation of the State of New Jersey for the sum of six thousand seven hundred dollars ($6,700), which mortgage was, on the 26th day of July, 1929, assigned by Guaranty Fire Insurance Company, a corporation of New Jersey, now the National Guaranty Fire Insurance Company to Catherine F. Geissberger, and a second mortgage held by Catherine F. Geissberger for six thousand three hundred dollars ($6.300).
"`Subject to all unpaid taxes and assessments.'
"10. Catherine F. Geissberger held title in her own name *Page 124 
to these lands and premises and resided therein from the time she reacquired title from Fred Block down to the time she passed away.
"11. Jessie E. Calverly and Loretta Sheridan Freitag, two of the defendants herein, were very close friends of and very dearly loved by said Catherine F. Geissberger.
"12. The last will and testament of Catherine F. Geissberger was prepared by Harry H. Harris, one of the complainants herein, her attorney and legal advisor.
"13. At all times prior to her making and executing her said last will and testament, which is now before the court for construction and particularly at the time the will was in preparation said Catherine F. Geissberger told Harry H. Harris, her attorney, that her said real estate was free and clear and she wanted to devise it to said Jessie E. Calverly and Loretta Sheridan Freitag so that it would be a home for them and that they should not mortgage the same unless it was necessary to raise money to pay carrying charges and then only if the real estate becomes unproductive.
"14. It was not until after the death of Catherine F. Geissberger that the said Harry H. Harris discovered the two bonds and mortgages aforesaid which, upon examination of the county records, proved to be still open of record.
"15. At the time the will was made Catherine F. Geissberger had sufficient money to pay in full all cash bequests, this being so even on the date of her death."
The stipulated facts disclose that the decedent was the owner of a mortgage of $6,300; she acquired also, through assignment, the mortgage of the Guaranty Fire Insurance Company for $6,700. The title to the property covered by these mortgages of the decedent was conveyed to her and this conveyance, consequently, effected a merger. In the language of Vice-Chancellor Backes inTennenberger v. Sezie, 101 N.J. Eq. 64:
"It is the ordinary case of a mortgagee taking over the mortgage premises in extinguishment of his mortgage debt. Merger is presumed as a matter of law from the uniting of the greater and less estates in the same person. * * * In the absence of indications of a contrary intention the merger is deemed complete. * * * The uncanceled mortgage is *Page 125 
not an outstanding lien or cloud on the record title, for the record itself discloses that it is merged in fee."
Nowhere in the will is mention made of the two mortgages held by the decedent. The stipulated facts indicate that the decedent told the complainant, the executor of her will, who was also her attorney, "that her said real estate was free and clear and she wanted to devise it to the said Jessie E. Calverly and Loretta Sheridan Freitag." Von Fell v. Spirling, 96 N.J. Eq. 20.
Certainly if it were the intention of the decedent to retain a lien upon the real estate she would unquestionably have so indicated. The outstanding rule of testamentary construction is to ascertain what the intent of the testator was and having ascertained it, then give it effect. Higgins v. Mispeth,118 N.J. Eq. 575; Peer v. Jenkins, 102 N.J. Eq. 235.
The record shows that the two mortgages remained uncanceled and it likewise discloses the deed to the decedent; from this there can be but one logical and legal conclusion: a merger. There is no doubt in my mind that Jessie E. Calverly and Loretta Sheridan Freitag held the title to the said premises in fee, free and clear of the liens of two mortgages; and the executor is advised that Jessie E. Calverly and Loretta Sheridan Freitag hold the said premises in fee, free and clear of the liens of the said mortgages.
The bill alleges in paragraph twelve the following:
"By paragraph `second' of her last will and testament, the testatrix bequeathed the sum of one thousand ($1,000) dollars to Karl Glimpf of 12 Kaiserring, Mannheim, Germany, and provided that in case he should predecease the testatrix, the said sum shall be paid to and received by his next of kin. The said Karl Glimpf died in the month of March, 1933, leaving him surviving as his only next of kin, the complainant, Elizabeth Glimpf Hahn."
In view of these allegations, and nothing to the contrary appearing, Elizabeth Glimpf Hahn, the complainant, being the only next of kin of the decedent Karl Glimpf, is entitled to the bequest of $1,000 mentioned in paragraph "second" of the will of the decedent, Catherine F. Geissberger; and the said complainant Harry H. Harris is so advised, and is instructed to make payment to her of the said amount. *Page 126