JOHN MILTON COMPTON, individually and executor,

*v.*

SENDER FELDMARK et al.

[Submitted December 18th, 1912.  Determined July 3d, 1913.]

1. Under act April 20th, 1906 (*P. L. 1906 p. 269*), requiring notice of sale under foreclosure decree to specify all liens subject to which the sale is to be made, the court was required in a suit to foreclose a mortgage to decide whether the mortgage is superior to the rights of defendant under a tax title.

2. Act March 14th, 1879 (*P. L. 1879 p. 840*), as amended (*3 Gen. Stat. 1895 p. 3353*), provides that no sale of land for taxes under the act shall destroy or affect the lien of a prior mortgage duly recorded, unless the purchaser shall give to the mortgagee notice to redeem, which shall be served personally, if mortgagee can be found, if not, then by mailing it enclosed in an envelope plainly addressed to his last-known post-office, with postage prepaid, and requiring the purchaser to transmit a copy of same with due proof of service to the county clerk to be recorded.—*Held*, that the proof of service transmitted to the clerk—the affidavit of purchaser—was insufficient to show due service of notice, since it did not disclose that statutory requirements were complied with.

3. Act March 14th, 1879 (*P. L. 1879 p. 340*), as amended (*3 Gen. Stat. 1895 p. 3353*), provides that no sale of land for taxes under the act shall destroy the lien of a prior mortgage unless, within a prescribed time, the purchaser shall serve a prescribed notice to redeem upon the mortgagee of prior mortgage, which notice, with proof of service, shall by the purchaser be transmitted to the county clerk to be recorded.—*Held*, that, though the proof of service, transmitted to the clerk and forming part of a public record, was competent evidence of service, it is not evidence of more than it actually contains, since it is unaided by any statutory presumptions.

*Mr. James S. Ware* and *Walter H. Bacon,* for the complainant.

*Mr. Edwin F. Miller,* for the defendants.

LEAMING, V. C.

The single question here presented is whether the lien of complainant's mortgage is superior to the possessory rights which defendant Sadie Cohen claims in the mortgaged premises under a certain tax title.

The bill is filed to foreclose a mortgage held by complainant on certain real estate in Maurice River township, Cumberland county. The bill makes Sadie Cohen a defendant under an averment to the effect that the mortgaged premises were sold by Maurice River township for taxes levied subsequent to the execution and record of complainant's mortgages, and purchased by that township for a term of years which has not yet expired, and thereafter a conveyance of the term was made by the township to Sadie Cohen, and by reason of such conveyance Sadie Cohen claims an interest in the mortgaged premises; the

bill avers that any interest the said Cohen may have in the mortgaged premises is subordinate to the lien of complainant's mortgage, and sets forth, among other things, that no notice was given to complainant to enable complainant to make redemption in behalf of his mortgage lien.

The answer of Sadie Cohen asserts that the tax title held by her is superior to the lien of complainant's mortgage.

The bill also sets forth certain irregularities in the levy and assessment of the tax and in the sale to the township, and also charges that the sale was void and of no effect as against complainant. These alleged irregularities are denied by the answer.

The answer in no way challenges the jurisdiction of this court to examine into and pass upon the regularity of the proceedings of the township and its officers antecedent to the tax sale and to declare the tax title thus acquired by the township void as against complainant; but in the briefs filed since final hearing it is objected that this court is without jurisdiction for that purpose. It is, however, clearly unnecessary to here consider how far this court can properly inquire into the validity of a tax title which is brought in question in a suit to foreclose a mortgage, for the primary question for consideration in this case is not the validity of defendant's tax title, but is whether assuming that title to be valid the lien of complainant's mortgage is superior or subordinate to any rights of defendant under her tax title. Under the present statute (*P. L. 1906 p. 269*) the notice of sale under a foreclosure decree must specify all liens subject to which the sale is made, and in the present suit I think it entirely clear, without any inquiry into the validity of the tax title, that the lien of complainant's mortgage is superior to the rights of defendant under her tax title, and that this court is required, under the issues as framed, to so determine.

The tax sale to the township, under which sale defendant Sadie Cohen holds, was made December 2d, 1899, for a term of thirty years from that date and was for the taxes of the years 1897 and 1898. This sale was made under the act of March 14th, 1879, as amended. *Gen. Stat. p. 3353 et seq.* That act

made a tax against real estate a first lien as against a prior mortgage for two years from the 20th day of December of the year the tax should be assessed. Section 12 of that act provided that no sale of land for taxes under the act should destroy or affect the lien of a prior mortgage, duly recorded, unless the purchaser should give to the mortgagee, within a period there named, a certain written notice of the sale. The question here presented is, therefore, whether such notice was in fact given. A failure to give the notice in no way affects the validity of the tax title; if the notice was not in fact given the lien of the mortgage is paramount.

The question therefore is merely one of evidence. If there is evidence, either direct or presumptive, that the statutory notice was in fact given the lien of the mortgage is subordinated; otherwise it is, by the very terms of the statute, unaffected.

The only evidence touching this controlling fact is to be found in certain exhibits which have been offered by defendant to establish the fact.

The provisions of the statute touching the service of this notice are that it shall be served personally or by leaving it with a member of the family over the age of fourteen years; and if the mortgagee cannot be found then by mailing the notice enclosed in an envelope plainly directed to him at his last-known post-office address, with full postage prepaid thereon. The statute then provides that the purchaser shall, within twenty days after the service of the notice, transmit a true copy of such notice with due proof of service to the clerk of the county in which the lands are situate, and which notice shall then be by the county clerk recorded and indexed in the same book in which the mortgage is recorded, and a marginal note made thereof in the book where the original mortgage is recorded.

The record book of mortgages was produced by defendant, and there is recorded therein a notice by the township to the mortgagee, which notice may be here assumed to conform to the requirements of the statute. Forming a part of this record is an affidavit of the township clerk, as follows:

"STATE OF NEW JERSEY, } ss.
  CUMBERLAND COUNTY,

"Samuel Foster, of full age, being duly sworn according to law on his oath saith, that on the twenty-seventh day of February, in the year of our Lord one thousand nine hundred, he served a notice of which the within is a true copy upon Daniel B. Compton, of Mauricetown, N. J., mortgagee, that said service was made upon the said mortgagee by mailing said letter containing said notice to his last-known post-office address, and if not delivered in five days to be·returned back to this post-office address, and·that said notice was served or given within three months from the date of such sale of lands for taxes the within notice mentioned.

"Sworn and subscribed to before me, this first day of March, 1900.
                                                "JAPHET M. FOX,
                                                    "Notary Public."

Is this record sufficient evidence of the fact that notice to redeem was given to the mortgagee in accordance with the requirements of the statute?

The act contains no provision to the effect that this record shall be received in evidence in any court for any purpose; but if the requirement for a public record of the notice may be deemed sufficient to make that record competent evidence in a court, it clearly cannot make it evidential of more than it contains in the absence of a statutory provision making it presumptive evidence beyond the scope of its terms. No such statute is to be found. Certain records of tax sales and tax deeds are by statute made presumptive evidence that the sale and all antecedent proceedings were regularly made and had in accordance with the act; but these provisions do not include the record here in question. Defendant's tax deed may be regarded as valid by reason of these statutory presumptions, but the record here in question appears to be unaided by any statutory presumptions which have been brought to my attention.

As already stated the statute requires that the purchaser shall "transmit a true copy of such notice with due proof of service to the clerk of the county." The proof of service transmitted to the clerk with the notice and forming a part of the record does not disclose that the statutory requirements touching service were complied with. The statute only authorizes service by mail in case the mortgagee cannot be found. Under a provision of that nature "due proof" of service, which the

purchaser is required to transmit to the clerk, would seem to necessarily include proof that some effort was made to make personal service. See *Gardner* v. *Small, 17 N. J. Law (2 Harr.) 162.* The affidavit does not even disclose any knowledge of the party making the affidavit touching the last-known post-office address of the mortgagee, nor does it specifically state to what address the notice was in fact sent or that the postage was prepaid as required by the act. It is clearly impossible to treat this recorded notice and affidavit as evidence of compliance with the statutory requirements of section 12 of the act touching service, in the absence of some legislation giving to the record presumptive force.

It will be observed that the statutory notice to be given to the mortgagee forms no part of the proceedings relating to the municipal assessment or sale for the enforcement of the tax. The notice is one that any purchaser at a tax sale is privileged to give who seeks to render the lien of the mortgage subservient to his possessory rights during the term for which he has purchased; his failure to give the notice merely leaves the mortgage lien unaffected by the possessory right of the purchaser during his term.

The certificate of tax sale from the collector to the township does not, of course, carry any presumptive evidence touching the notice here in question, which notice could only be given at a date subsequent thereto. The subsequent deed from the township to itself can carry no presumptions touching the notice. That deed is by the terms of the statute made unnecessary. *Gen. Stat. p. 3357 § 357.* No statutory presumptions can accompany the deed from the township to defendant Sadie Cohen; that deed cannot be regarded as a deed falling under the provisions of the Sales of Land act, as it is merely a conveyance by an owner of the term to a private purchaser thereof.

By reason of the absence of evidence that notice to redeem has been given to the mortgagee pursuant to the provisions of the statute for that purpose, I will advise a decree pursuant to the prayer of the bill.