CHARLES MITSCH

v.

EDWARD OWENS et al.

[Decided December 27th, 1913.]

1. Section 59 of the Tax act of 1903 (*P. L. 1903 p. 394*) examined and construed, and *held* to provide for strict foreclosure of the right to redeem and not foreclosure and sale of land already sold for taxes.

2. The word "redeem," as used in the Tax act of April 8th, 1903 (*P. L. 1903 pp. 431, 432 §§ 57, 59*), relative to redemption from tax sale, means "repurchase," which can be made only by a person interested in the land sold.

3. In the construction of statutes, other statutes *in pari materia* must be regarded, and, when any term used in the statutes is ambiguous, that meaning will be given to it in which it was used in former legislation on the same subject.

On application for decree upon bill to foreclose the right to redeem land sold for taxes.

*Mr. Walter A. Barrows,* for the complainant.

WALKER, CHANCELLOR.

The bill in this cause is filed to foreclose the right to redeem certain lands in the township of Riverside, Burlington county, which were sold for taxes under and pursuant to the provisions of an act entitled "An act for the assessment and collection of taxes." *P. L. 1903 p. 394.*

The section of the act, under which the bill is filed, in terms permits the foreclosure of the "right to redeem," but provides that that right shall continue until barred by "decree of sale," and then goes on to make further provision with reference to the foreclosure of the "right to redeem."

The sole question for determination is whether the decree

should be one of strict foreclosure, so called, or for the sale of the property already sold for taxes.

In order to hold that the statute means strict foreclosure it will be necessary to excise the words "of sale" out of the clause which reads "decree of sale of the court of chancery." This may be done, if necessary, to give effect to the ascertained intention of the legislature. I am clearly of opinion that the two prescribed remedies in the statute—that is, foreclosure of the "right to redeem" and "foreclosure sale"—are mutually exclusive of each other, and that one must overrule the other.

The pertinent provisions of the Tax act of 1903 (*P. L. 1903 p. 394*) are portions of sections 57, 59, which read as follows:

"57. The owner, mortgagee, occupant or other person having an interest in the land sold for taxes, may redeem the same at any time within two years from the date of sale, or at any time thereafter until the right to redeem has been cut off in the manner hereinafter set forth, by paying to the purchaser or his legal representative or assigns, the amount of purchase money shown on the certificate with twelve per cent. interest thereon, together with such other fees and expenses as may be incurred by the purchaser under this act, and the purchaser on receiving such payment, shall restore to the owner said lands and the sale shall be void."

\*   \*   \*   \*   \*   \*   \*   \*   \*

"59. \* \* \* The purchaser or his assigns may in addition to the foregoing remedy at any time after the expiration of the term of two years, whether notice to redeem has been given or not, file a bill in equity to foreclose the right of redemption, but on filing such bill the right to redeem shall exist and continue until barred by the decree of sale of the court of chancery; the title by a purchaser at a tax sale shall be void at the expiration of twenty years from the date of the tax sale unless the purchaser shall before the expiration of that term enter into actual possession of the land purchased or foreclose the right to redeem the same by notice or by proceedings in equity and record the evidence thereof as above prescribed."

The word "redeem" means "repurchase." *Pace* v. *Bartles, 47 N. J. Eq. (2 Dick.) 170.* It is perfectly apparent that a repurchase of land sold for taxes can be made only by the owner or other person having an interest in the land, and not by a mere stranger at a judicial sale. It is true that the interest of the purchaser of land at a tax sale remains a mere lien on the premises during the period within which redemption is allowed to be affected (*Burgin* v. *Rutherford, 56 N. J. Eq. (11 Dick.)*

*666*), and it is the foreclosure of the right to redeem by which the owner's estate is cut off and extinguished and the purchaser's lien becomes an indefeasible estate in him.

In *Frazier* v. *Johnson, 65 N. J. Law (36 Vr.) 673*, the right to redeem from the purchaser of a tax title is considered, and (on *p. 675*) reference is made to the "important right of redemption." It will be seen that what may be foreclosed under the Tax act, if effect is to be given to the expression "foreclose the right to redeem," is that very right itself—the right to redeem—nothing more and nothing less.

In *Cadmus* v. *Bayonne, 61 N. J. Law (32 Vr.) 494*, it was held that the right to redeem is the right of the owner and that its form is strictly prescribed.

If, however, a sale were had on a bill to foreclose the right to redeem, redemption, in effect, might be made by one of the public—a mere stranger to the title.

In my judgment, the law does not intend to make provision that a total stranger may deprive the purchaser at a tax sale of his right to perfect his title, by strict foreclosure, on the one hand, or usurp the owner's right to redeem, by permitting the land to be bought away from him, on the other hand.

Section 57 of the act provides that redemption may be made by payment by the owner to the purchaser, and section 59 that the right to redeem may be foreclosed. If foreclosure means the foreclosure of the right to redeem, the provisions are harmonious. If it means another sale of the land already sold for taxes, they are inharmonious; permitting the owner to redeem by reimbursing the holder of the tax title in the one case, and in the other permitting a stranger to purchase the property away from both.

Originally, all foreclosures were of the strict kind—that is, the decree foreclosed the equity of redemption of the mortgagor after default in payment, and the lands thereupon became the absolute property of the mortgagee. The sale of mortgaged premises, on foreclosure, was a doctrine invented by courts of equity in order to do justice to both mortgagor and mortgagee, giving to the mortgagee, out of the proceeds of sale, his debt which was secured upon the mortgaged premises, and giving to

the mortgagor the surplus money remaining after the satisfaction of the amount due the mortgagee.

The right of redemption of mortgaged premises also exists against the purchaser at foreclosure sale under a senior encumbrance in favor of a junior encumbrancer who has been omitted as a party to the suit. In a similar situation a purchaser at a foreclosure sale may anticipate a suit for redemption by a subsequent encumbrancer, and, upon bill of strict foreclosure, may require the latter to redeem the premises by paying off the prior encumbrance, or be foreclosed of the right to redeem.

It will be observed that the initial provision of section 59 of the statute under consideration is, that the purchaser at a tax sale may file a bill in equity to foreclose the *right* of redemption. This, standing alone, does not authorize a decree for sale of the premises purchased at a tax sale for the purpose of raising and reimbursing to the purchaser the amount which he paid for his tax title to the land. It is true the statute then proceeds to enact that the right to redeem shall exist and continue until barred by the decree of sale, but it proceeds further to make provision that the certificate of sale shall be void at a certain time unless the purchaser shall enter into actual possession or foreclose the *right* to redeem.

Now, admittedly, the right to foreclose the *right to redeem* is not the right to have a sale of the premises for the purpose of obtaining a money satisfaction for the amount paid by the purchaser upon acquiring the land at a tax sale; and the question is, how shall this statute be construed—that is, whether it provides for a strict foreclosure or foreclosure and sale. Its language is inconsistent. It provides directly for the foreclosure of the *right* to redeem, and incidently provides that that right shall not be extinguished until sale on foreclosure.

In *Mendles* v. *Danish, 74 N. J. Law (45 Vr.) 333,* the supreme court held that:

"In construing a statute, where ambiguity exists or literal interpretation may lead to absurd results, resort may be had to the principle that the spirit of the law controls the letter."

The right to redeem has a definite and conceded meaning. Section 59 provides for two methods of the foreclosure of that

right, one by written notice to all persons interested in the land that unless they redeem within the term specified their right of redemption will be barred, or, whether notice to redeem has been given or not, the purchaser may file a bill in equity to "foreclose the right of redemption." Here are two methods of foreclosure, one by act of the party and the other by bill in equity. If two sorts of foreclosure are to be had for one and the same thing, namely, a barring of the right to redeem by notice, and a sale on bill in equity, the result will be incongruous, if not absurd.

The supreme court, in *Wellman* v. *Bergmann, 44 N. J. Law (15 Vr.) 613,* held:

"Clear and unambiguous expressions of intention, in a statute, will control a literal interpretation which is inconsistent with other and overruling provisions in the same statute."

And Mr. Justice Scudder, speaking for the court (at *p. 616*), said:

"I know the extreme reluctance with which courts change words found in a statute, but where it becomes necessary, in a case like this, that it should be done, *ut res magis valeat quam pereat,* they have not failed to do what the legislature obviously intended to do, and to give effect to their purpose; they have not allowed the mere error of a copyist to annul a beneficial statute. This is not guessing at legislative intention, in opposition to the words they have used, but giving effect to a purpose so manifest that no one can doubt it."

If, as seen, the mere error of a copyist shall not be permitted to annul a beneficial statute, so, too, I take it, a slip of the draftman's pen will not be permitted to annul or vary an intended beneficial provision in a statute.

It is perfectly apparent to me that the draftsman of the Tax act of 1903 had in mind a strict foreclosure of the right to redeem when he wrote into section 59 the provision that a purchaser might file a bill in equity to foreclose the right of redemption; and when he came to make a statement about the decree on foreclosure the thought of a sale on foreclosure of a mortgage came into his mind and he inadvertently wrote that

provision (for sale) into the act. But that he intended a strict foreclosure is quite evident, from the subsequent phrase which he used in the same section, namely, "foreclose the right to redeem," and it is significant that in that very clause he writes "foreclose the right to redeem the same by notice or by proceedings in equity." That in that expression he meant the same kind of foreclosure—that is, strict foreclosure of the right of redemption, I have no doubt, and I am clearly of opinion that the same intention is to be ascribed to the legislature.

In *36 Cyc. 1109*, it is stated that in the construction of statutes:

"Words may accordingly be rejected and others substituted, even though the effect is to make portions of the statute entirely inoperative."

It is a rule that in the construction of statutes, other statutes *in pari materia* must be regarded, and when a term or phrase used in any statute is ambiguous, that meaning will be given to it in which it was used in former legislation on the same subject (*State* v. *Garthwaite, 23 N. J. Law (3 Zab.) 143*), and, by analogy, resort may be had in this case to the language of the court of errors and appeals in *Frazier* v. *Johnson, supra* (at *p. 674*), that it is difficult to see how a mere occupant having no legal or equitable interest in the lands sold, can find any footing to redeem from the purchaser of a tax title. In that case (*Frazier* v. *Johnson*) there was no question of the meaning of a decree for sale on foreclosure of the right to redeem, as in this case, but the language of the court contains a very significant definition of what is the right to redeem. The section of the Tax act there under review was one providing for redemption; and, it is to be observed, that the court in construing it, scouted the idea that a stranger to the title had any right to redeem from the purchaser at a tax sale.

The legislature, of course, had a right, if it chose, to provide for a sale on foreclosure of the right to redeem, and if it had clearly manifested that intention, every court would be bound to give it effect. But, when foreclosure of the right to redeem is provided, and then a sale on foreclosure of the right to redeem, and then further enactment is made as to foreclosure of

the right to redeem, all in the same section, there is ambiguity, and conflict, and contradiction in terms; and in an endeavor to ascertain the true intent and meaning of the legislature, this court, in my opinion, has the right to give the words "right to redeem" the meaning which the courts have heretofore ascribed to them, namely, the right of the owner to repurchase the land from the holder of the tax title.

I am clearly of opinion that the foreclosure provided in section 59 of the Tax act of 1903 was intended by the legislature to be a strict foreclosure of the right to redeem, and there will be a decree accordingly.