This is an appeal of one Goldberg, a purchaser of property foreclosed in this suit, and sold by the sheriff of Bergen county under a writ of fieri facias. The appellant bid $7,990 upon the property, and, that being the highest offer for the mortgaged premises, it was struck off to him at that price. The sale was made on February 20th, 1929, and an order for its confirmation was made in due course. Appellant took *Page 507 
no steps to complete the purchase for more than six months, and at the end of that time the complainants in the present foreclosure suit applied to the court of chancery for an order requiring him to show cause why he should not be compelled to pay the purchase-money and accept a deed from the sheriff. Thereupon he applied to the court by petition to be relieved from his bid, claiming as a reason therefor that at the time the property was put up for sale it was subject to tax liens amounting to about $1,500; that the sale was made without any suggestion in the advertisement or conditions of sale of the existence of these liens; and that he bid on the property presuming that it was free and clear of all encumbrances. An order to show cause was granted him upon this petition, and at the hearing had upon the return thereof the vice-chancellor held that the proofs submitted justified the conclusion that the petitioner at the time of making his bid had actual knowledge of the existence of the unpaid taxes outstanding against the mortgaged premises and the amount thereof, and that the sale was being made subject to the lien of such taxes; and that, having such knowledge, he was not entitled to be relieved from his bid, but should be compelled to pay the amount thereof to the sheriff and accept the delivery of a deed from that officer, and should also pay the costs accruing as the result of his default. The petitioner has appealed from the order entered in conformity to those findings.
It is contended before us that the findings of fact hereinbefore recited were not justified by the proofs. Our examination of the state of the case sent up with the appeal satisfies us that the proofs fully warranted the findings; that the appellant had full knowledge of the existence of the taxes that were liens upon the mortgaged premises at the time of the sale and the amount thereof, and that he intentionally made his bid upon the property subject to these liens.
It is further contended as a ground for reversal that it appeared from the proofs submitted upon the return of the order to show cause that the payment of some of these taxes had theretofore been enforced by sales made by the municipality in which the mortgaged premises are located, such *Page 508 
sales being made pursuant to authority conferred upon the municipality by our Tax act, and that he should not be compelled to take a conveyance of property the title to some of which had passed to third parties by force of these tax sales. We consider this contention to be without merit. If appellant had knowledge of the existence of the tax liens, he was chargeable with notice of what he would have discovered relating thereto if he had made reasonable inquiry. The duty of making such inquiry rested upon him, and he is not entitled to be relieved of his obligation as purchaser at the sheriff's sale merely because he failed to make such inquiry. Hoy v. Bramhall, 19 N.J. Eq. 563; Ogden v.Delaware River and Atlantic Railroad Co., 80 N.J. Eq. 191;Commercial Credit Corp. v. Coover, 101 N.J. Law 530. Moreover, there is nothing in the state of the case which even suggests that he may not redeem the premises from the purchasers at the tax sales by complying with the conditions provided by our Tax act for such redemption. As a subsequent purchaser, he is entitled to all the rights therein provided for the protection of owners of property sold for unpaid taxes.
The only other contention made in behalf of the appellant is that the court erred in imposing upon him the burden of paying costs and counsel fees incurred as the result of his default in completing the purchase by paying to the sheriff the amount of his bid and accepting from him a deed for the mortgaged premises. It is enough to say in disposing of this contention that such allowances are confided to the discretion of the chancellor, and that we find nothing in the case which suggests that in making them that discretion was abused.
For the reasons indicated, the order under review will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None. *Page 509