These two cases were presented together on an agreed statement of facts. One is an action to foreclose a mortgage *Page 467 
of $5,000 covering property in the township of Teaneck, Bergen county, New Jersey; the other is to foreclose a tax certificate covering the same property.
The tax certificate was issued by the collector of taxes of Teaneck pursuant to a sale held on March 22d 1930. The purchaser was the township of Teaneck. On May 11th, 1932, the township assigned the certificate to Charles Schuster.
Schuster filed a bill in this court under P.L. 1918 p. 883, to foreclose the certificate, and on July 28th, 1932, entered a final decree. By inadvertence he failed to include as defendants Edward Kurzius and Ida Kurzius, holders of the first mortgage, and the National Bank of North Hudson, holder of a second mortgage. His present bill is to compel redemption by the two mortgagees; or foreclosure if they fail to redeem.
The second mortgagee failed to answer and a decree proconfesso has been taken against it.
The first mortgagees, however, have not only contested Schuster's action, but in addition, have filed a bill to foreclose their mortgage; their contention being that the lien of the tax sale certificate was merged in the final decree of the first foreclosure action, and that Schuster has no further lien to form the basis of his present suit.
They charge also that the lien of their mortgage is superior to the rights of Schuster, because no notice was given to them of the institution of the bill to foreclose, relying for their contention on Compton v. Feldmark, 82 N.J. Eq. 112. Neither point is well taken.
Compton v. Feldmark is not applicable because it was decided under the act of March 14th, 1879, as amended (Gen.Stat. pp. 3353 et seq.), by section 12 of which it is provided that no sale of land for taxes should destroy or affect the lien of a prior mortgage, duly recorded, unless the purchaser should give to the mortgagee, within a period there named, a certain written notice of the sale. Vice-Chancellor Leaming found as a fact that no notice to redeem had been given to the mortgagee pursuant to the provisions of the statute. *Page 468 
The 1918 act does not require notice of an intention to file a bill to foreclose a tax certificate.
There was no merger, as a matter of law, of the lien of the tax certificate into the final decree, as there is in the case of a mortgage foreclosure. Schuster had acquired a fee by virtue of his tax certificate, section 24 of the Tax Sale act of 1918 providing that "such sale shall be made in fee to such person as will purchase the same, subject to redemption, c." True, his fee was subject to defeasance by redemption on the part of the owner or encumbrancers; but, as was pointed out by the late Chancellor Walker in Mitsch v. Owens, 82 N.J. Eq. 404, proceedings to foreclose a tax certificate are not followed by a public sale, nor by a deed from a sheriff or other official. The final decree bars rights of redemption, but does not otherwise enlarge the right, title or interest of the certificate holder. His certificate does not become merged into the decree; it subsists as the indicia of title. Merger, in any event, is a matter of intention and is not favored in equity. Muller v. Morrell,112 N.J. Eq. 200. There is no reason why a subsequent bill, which is in effect a bill for strict foreclosure, should not be filed against encumbrancers having the right to redeem and who were inadvertently not made parties to a prior bill to foreclose. Their only right, as against the owner of the tax title, is that of redemption and their omission as parties defendant in the first foreclosure suit does not enlarge that right.
In Mitsch v. Owens, supra, it was said that the foreclosure provided by the Tax act of 1903 was intended by the legislature to be strict foreclosure of the right to redeem.
I am of the opinion that Schuster is entitled to his relief, but without costs. If the parties cannot determine the amount due to Schuster on his tax certificate I shall refer the matter to a master to state the account.
The Kurzius bill will be dismissed as to Schuster upon redemption but may proceed against the other defendants. *Page 469