JERSEY CITY WELDING AND MACHINE WORKS, INCORPORATED,
a corporation of New Jersey, complainant,

*v.*

THE HUDSON COUNTY WHITE COMPANY, MORGAN REALTY
COMPANY, appellant.

[Submitted May Term, 1934. Decided September 27th, 1934.]

*Mr. Marshall VanWinkle,* for the appellant.

*Mr. Harry Tartalsky,* for the receiver.

The opinion of the court was delivered by

BODINE, J.

The Morgan Realty Company appeals from an order of the court of chancery directing it to pay to the receiver of the defendant company the sum of $2,500. The order was entered in a summary proceeding in a receivership cause. The realty company was not a defendant in the receivership proceeding. The moneys, which it was directed to return, were paid upon the execution of a lease of realty. The lease was made with the insolvent defendant. The lease provides as follows:

"As security and to partly secure a portion of the rental of the leased premises, the lessee shall pay to the lessor twenty-five hundred ($2,500) dollars, upon the signing of this lease, and an additional twenty-five hundred ($2,500) dollars, on May 1st, 1934, which total sum of five thousand ($5,000) dollars, shall be credited as rent at the end of the term of this lease, provided it runs for the full term of eight years, otherwise said sum shall be retained by the lessor as and for liquidated damages and the lessee hereby waives all claim or right to said sum or any part thereto."

A receiver must ordinarily resort to the remedies provided by law. He may not, in a summary manner, proceed in the court of his appointment. *Grobholz* v. *Merdel Mortgage Investment Co., 115 N. J. Eq. 411.* However, the appellant did not object to the jurisdiction of chancery to make the order appealed from. An objection, because of an absolute lack of jurisdiction over the subject-matter of the action, may be taken advantage of at any stage of the proceeding. *Collins* v. *Keller, 58 N. J. Law 429;* *Trustees of School District No. 28* v. *Stocker, 42 N. J. Law 115.* However, if the court has jurisdiction it is fatal that no objection to the form of the proceeding was taken *in limine*. *Funck v. Smith, 46 N. J. Law 484; North Hudson County Railway Co.* v. *Flannagan, 57 N. J. Law 236.*

The first question to be determined is whether the court of chancery had jurisdiction to entertain a suit for the recovery of the moneys paid to secure the performance of a written lease. The tenant never entered into possession under the instrument and its insolvency, by express agreement, terminated it before the term commenced. The defendant's receiver had no greater rights against the lessor than it would have had. Yet by the order in question the receiver obtained in equity a money judgment against a lessor not in default.

"The parties to a contract may, where the damages consequent upon a breach are of an uncertain nature, estimate them in advance of a breach and agree upon their measure, and such an agreement when entered into in good faith will be enforced." *17 Corp. Jur. 931.*

If the proceedings be regarded as one to set aside the provision of the lease providing for liquidated damages, then the question arises as to whether the agreement was made in good faith. There is nothing in the record to suggest that it was not. The defendant company was in possession of the premises under a sublease at the time the lease in question was executed. It was no doubt of advantage to procure a lease for a longer term. The lease provides for a term of eight years from May 1st, 1934. The rental was over $8,000 for the first year and gradually increased each year thereafter. Obviously damages upon the breach of such a contract would be of uncertain nature. The parties estimate seems both fair and reasonable.

We can only conclude that the court of chancery did not have jurisdiction of the subject-matter of the litigation, but if we assume that it did we can only conclude that there was no equitable basis for the action taken.

The order appealed from is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.