Complainant, the city of Atlantic City, is the owner of a tax sale certificate purchased by it at a sale under the statute. It has filed a bill to foreclose the right of redemption against those entitled thereto under the statute.
Defendant, a mortgagee, has filed an answer and counter-claim, both of which complainant moves to strike.
In so far as the answer is concerned, it admits the tax lien and asks that the amount thereof be fixed by proof. This the answering defendant has a right to require. The answer will not be struck but complainant must proceed before a master, on notice to defendant, and submit proof of the amount due.
The real point at issue is as stated by the answering defendant, "whether a counter-claim to foreclose defendant's mortgage may be filed in a tax foreclosure suit." *Page 111 
Defendant's counter-claim prays (a) that the defendants to the counter-claim, including the city of Atlantic City, answer the bill of complaint; (c) "that the defendants, or one of them, may be decreed to pay counter-claimant the amount so found due, with interest and costs, * * * and that in default of such payment they and each of them be debarred and foreclosed of all equity of redemption in said lands;" (e) "that a decree may be made for the sale of the mortgaged premises to raise and pay to the complainant and said counter-claimant the amounts so found due on its tax lien and her mortgages, with interest and costs."
It will be observed from the above that what counter-claimant wants is that her mortgage debt shall be ascertained and paid by the city of Atlantic City or some other defendant and in default of the payment thereof the city of Atlantic City and other defendants be debarred and foreclosed of its or their equity of redemption in the mortgaged premises and that said premises be sold "to raise and pay to the said counter-claimant the amounts of their respective claims," i.e., the said tax lien and counter-claimant's mortgage debt.
The city, of course, is under no duty to redeem from defendant's mortgage and its equity as holder of a tax lien may not be foreclosed by defendant. Neither is the counter-claiming defendant entitled to a sale under a decree on the counter-claim.
The remedy of the mortgagee as against the city, the holder of the tax certificate, is that prescribed by the statute, i.e., redemption under Rev. Stat. 54:5-54, 54:5-56.
The right of the holder of the tax sale certificate is to have a strict foreclosure barring the equity of redemption, and not by judicial sale.
If counter-claimant were allowed to prevail, her decree, in effect, would destroy complainant's statutory right to have a decree barring the right of redemption to those mentioned in the statute, and substituting a decree that the lands be sold to raise money to satisfy and pay complainant's tax lien and then defendant's mortgage, and the sale of lands would be to any buyer, whether he have a right to redeem under the *Page 112 
statute or not, and would be subjecting those having a right to redeem to the necessity of bidding at the sale to protect their rights.
Chancellor Walker, in Mitsch v. Owens, 82 N.J. Eq. 404, has clearly set forth the ineptness of the procedure attempted by defendant's counter-claim. At p. 405 he said:
"It is perfectly apparent that a repurchase of land sold for taxes can be made only by the owner or other person having an interest in the land, and not by a mere stranger at a judicial sale. It is true that the interest of the purchaser of land at a tax sale remains a mere lien on the premises during the period within which redemption is allowed to be affected (Burgin v.Rutherford, 56 N.J. Eq. 666), and it is the foreclosure of the right to redeem by which the owner's estate is cut off and extinguished and the purchaser's lien becomes an indefeasible estate in him."
The chancellor further said (at p. 406): "the right to redeem is the right of the owner and that its form is strictly prescribed.
"If, however, a sale were had on a bill to foreclose the right to redeem, redemption, in effect, might be made by one of the public — a mere stranger to the title.
"In my judgment, the law does not intend to make provision that a total stranger may deprive the purchaser at a tax sale of his right to perfect his title, by strict foreclosure, on the one hand or usurp the owner's right to redeem, by permitting the land to be bought away from him, on the other hand."
In Kurzius v. Hillside Land Co., 112 N.J. Eq. 466,
Vice-Chancellor Berry quoted with approval the Mitsch v. OwensCase, supra, and pointed out that:
"There was no merger, as a matter of law, of the lien of the tax certificate into the final decree, as there is in the case of a mortgage foreclosure. Schuster had acquired a fee by virtue of his tax certificate, section 24 of the Tax Sale act of 1918 providing that `such sale shall be made in fee to such person as will purchase the same, subject to redemption, c.' True, his fee was subject to defeasance by redemption on the *Page 113 
part of the owner or encumbrancers; but, as was pointed out by the late Chancellor Walker in Mitsch v. Owens, 82 N.J. Eq. 404,
proceedings to foreclose a tax certificate are not followed by a public sale, nor by a deed from a sheriff or other official. The final decree bars rights of redemption, but does not otherwise enlarge the right, title or interest of the certificate holder. His certificate does not become merged into the decree; it subsists as the indicia of title."
The tax lien acquired by the city was superior to that of the mortgage lien acquired by the defendant and the defendant has no right to compel the holder of the tax lien to submit to a public sale and thus bar the tax lien holder of his statutory right to a strict foreclosure.
The motion to strike the counter-claim is granted, with costs to the complainant.