STATE BOARD OF TAX APPEALS.

CITY OF JERSEY CITY, PETITIONER, v. TRUSTEES OF CONGREGATION ANSHEI SFARD, RESPONDENT.

Decided May 12, 1942.

For the petitioner, *Frank P. McCarthy*.

For the respondent, *Gross & Gross* (by *Julius Lichtenstein*).

QUINN, President. Petitioner taxing district brings these appeals from judgments of the Hudson County Board of Taxation, disposing of appeals by the taxpayer from assessments of real property owned by it in said taxing district, for the years 1936 and 1938. The subject-matter of the 1936 appeal is property at the corner of Academy Street and Bergen Avenue, in Jersey City, then designated as Block 1871, Lot 1 and the rear sixty feet of Lot 2A, adjacent to Lot 1, all then assessed together. The 1938 appeal is confined to property substantially the same as Lot 1, but changed in designation to Lot 1B, Lot 2A being separately assessed in 1938. A two-story frame structure is situated on Lot 1B, and was, at all times herein material. As of October 1st, 1935, there was an additional building situated in the rear of Lot 2A used as a dwelling but demolished since that date.

The assessment for the year 1936 was in the sum of land, $236,700, improvements, $6,000, total $242,700. The appeal to the county board prayed a cancellation of the entire assessment, on the ground the property was actually devoted to religious uses. We do not know what transpired before the county board, but the judgment entered by that body, as recorded on the face of the original petition of appeal, reads, "Reduced $136,700 land and $1,500 Bldg. includes cancellation for congregation."

Although this language is not entirely clear, it would appear that the intention of the county board was to exempt the structure used for religious purposes and that part of the land which consists of Lot 1B, but to leave subject to assessment the other structure and the rear 60 feet of Lot 2A. In any event, we will so treat the county board determination. No proofs of valuation have been adduced before us and the case has been tried and argued exclusively upon the question of the right to exemption of the property exempted by the county board.

The assessment for the year 1938 was in the sum of land $123,300, improvement $1,500, total $124,800. The county

board judgment was one of cancellation, obviously on the theory that the property is entitled to exemption from taxation.

Petitioner seeks a restoration of the assessments to the figures originally fixed by the city assessors for each of the years under appeal.

It is conceded by petitioner that the proofs establish the use of the structure on Lot 1B by the respondent exclusively for religious purposes, as of the assessing dates, October 1st, 1935, and October 1st, 1937. Respondent's claim to exemption from taxation is based upon *Pamph. L.* 1931, *ch.* 372, § 1 (*R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6), exempting buildings and the land whereon situated, not to exceed five acres, exclusively used in the work of corporations organized, *inter alia,* for religious purposes and not for profit, provided the property is owned by the corporation in question. The proof adduced satisfies us that all of the statutory requisites for exemption, for the years in question, have been met by the respondent, but the city demurs with respect to the requirement of ownership. It is insisted on its behalf that respondent's title to the property is something less than the absolute legal ownership which it regards as necessary under the cases construing the act. The pertinent facts are as follows:

The deed to the premises is a deed of warranty, dated September 13th, 1935, and recorded in the office of the Hudson County Register on the same date. The grantor is Number One Corporation and the conveyance is to the Trustees of Congregation Anshei Sfard, a religious corporation. After describing the premises, there is the following recital:

"The above described lands and premises are to be used by the grantee herein named as a house of worship according to the tenets of orthodox Judaism, and as a free school of religion, and as a place of dwelling of the Rabbi or sexton thereof."

It further appears that on January 31st, 1936, a parcel of property including that here under appeal, was sold for unpaid taxes by the city, and that a tax sale certificate was issued therefor to the City of Jersey City, which certificate was outstanding upon October 1st, 1937.

The contention of the city is that the quoted excerpt from the deed constituted a restriction upon the title fatal to the right of exemption for both of the years 1936 and 1938, and that the outstanding tax certificate was an additional objectionable qualification upon the title, as of the assessing date for the year 1938. Its reliance is upon the decisions of the Supreme Court in *Young Men's Christian Association of Garfield* v. *City of Garfield* (*Supreme Court,* 1936), 14 *N. J. Mis. R.* 847; 186 *Atl. Rep.* 703, and *City of Trenton* v. *Trenton Masonic Temple Association* (*Supreme Court,* 1930), 8 *N. J. Mis. R.* 778; 151 *Atl. Rep.* 753; *affirmed* (*Court of Errors and Appeals,* 1931), 108 *N. J. L.* 419; 158 *Atl. Rep.* 395, and several decisions of this board in accord. In none of the cases referred to, however, was there any holding broader than that the statutory requirement of ownership in the exemption claimant calls for the vesting of legal, rather than equitable or beneficial title in such claimant. The use of the words "absolute title," by this board, in certain cases passing upon the quality of title contemplated by the statute, was not designed to imply any ruling not required for the decision of the particular cases before us. *Atlantic District, &c.,* v. *City of Union City, New Jersey Tax Reports,* 1934-1939, *p.* 649; *Trustees, &c.,* v. *City of Passaic, Id. p.* 672.

Neither of the objections asserted by petitioner herein affects the status of respondent as the legal owner of the property. The restrictive language in the deed to respondent does not rise to the status of a conditional limitation or a condition subsequent, assuming that in either of such cases the exemption would fail, as to which, however, we express no opinion. See *Board of Education of West Paterson* v. *Brophy* (*Court of Chancery,* 1919), 90 *N. J. Eq.* 57; 106 *Atl. Rep.* 32; *Hewitt* v. *Camden County* (*Circuit Court,* 1929), 7 *N. J. Mis. R.* 528; 146 *Atl. Rep.* 881; *Mills* v. *Davison* (*Court of Chancery,* 1896), 54 *N. J. Eq.* 659; 35 *Atl. Rep.* 1072; *McKenzie* v. *Trustees of Presbytery of Jersey City* (*Court of Errors and Appeals,* 1905), 67 *N. J. Eq.* 652; 61 *Atl. Rep.* 1027; *In re Young Women's Christian Association* (*Court of Chancery,* 1924), 96 *N. J. Eq.* 568; 126 *Atl. Rep.* 610; *Cuthbert* v. *McNeill* (*Court of Chancery,* 1928), 103 *N. J. Eq.* 184; 142 *Atl. Rep.* 667.

.As to the outstanding tax sale certificate, that constituted a mere lien upon the property until its foreclosure, and not a defeasance of respondent's title. *Mitsch* v. *Owens* (*Court of Chancery,* 1913), 82 *N. J. Eq.* 404; 89 *Atl. Rep.* 292; *Atlantic City* v. *Gardner* (*Court of Chancery,* 1938), 124 *N. J. Eq.* 110; 199 *Atl. Rep.* 724; *Fuchs* v. *Syndicate Realty Co.* (*Court of Errors and Appeals,* 1930), 107 *N. J. Eq.* 506; 153 *Atl. Rep.* 584.

For the reasons stated, respondent is entitled to exemption of the structure from taxation for each of the years in question. There appearing no serious question as to the necessity of the land for the fair enjoyment of the structure, that is likewise subject to exemption under the statute.

The judgments of the county board for the years 1936 and 1938 will be affirmed.