Complainant, a municipal corporation, brought suit to foreclose a tax sale certificate. A decree pro confesso was taken, and on a reference to a master the sum of approximately $4,000 was found to be due on the certificate. On October 7th, 1942, an order was entered granting the defendant Jerome Weiss leave to file an answer, and, at the same time, the premises were ordered to be sold at public auction. The premises were sold for the sum of $1,000 to one George Fisher, who assigned his bid to the defendant Jerome Weiss, who paid the net proceeds of the sale to complainant. Complainant is now before the court on an application to vacate the order of October 7th, 1942, and all the proceedings pursuant thereto, including the sale. *Page 45 
Although it appears that counsel for the complainant consented to the order directing the sale pendente lite, it is its contention that there was no right or authority in the court to allow sale to the highest bidder in a foreclosure of a tax lien certificate, and that since the court, therefore, had no jurisdiction these proceedings had no validity and must be vacated. In my opinion, this contention is sound. Under the law, the only power of a municipality to enforce a tax sale certificate is to proceed by strict foreclosure, which results either in acquiring of absolute title by the municipality or a redemption of the full amount of the tax lien. The municipality has no right or authority to consent to a sale for a lesser amount.
In Atlantic City v. Gardner, 124 N.J. Eq. 110, the court said:
"The right of the holder of the tax sale certificate is to have a strict foreclosure barring the equity of redemption, and not by judicial sale."
See, also, Mitsch v. Owens, 82 N.J. Eq. 404.
To hold otherwise would be to deprive the municipality of its paramount lien.
These considerations would be dispositive of the matter except that defendant Weiss contends that the complainant is bound by acquiescence in the order directing the sale pendente lite, and that it is estopped from asserting what would otherwise be its rights by reason of participating in the sale and accepting the proceeds thereof. It is also contended that the remedy, if any, of complainant is by appeal, and that the time to appeal has passed by. None of these contentions is sound. The implied authority of the counsel for the municipality to consent extends only to matters of procedure and cannot be extended to matters in which the municipality itself had no power to expressly authorize a sale which would destroy its lien for an amount less than that of the tax. Paret v. City of Bayonne, 39 N.J. Law 559. As to estoppel, the municipality has offered to return the money received as the proceeds of the sale. There also is a special protection of municipalities so as to prevent them *Page 46 
from suffering losses through estoppel because of the acts of their public officials. Town of Hackettstown ads. Swackhamer,37 N.J. Law 191; Eckert v. West Orange, 90 N.J. Law 545. As to the loss of right to appeal by reason of lapse of time, the contention is unsound, since the application is to vacate an order inadvertently entered which the court was wholly without jurisdiction to make. The suit was brought under a statute which is clear and explicit in its provisions. By R.S. 54:5-54, redemption may be made only by a person having an interest in the property and upon the payment of the amount due. R.S. 54:5-86
provides that the rights of defendant are barred if they fail to redeem.
Since the court had no jurisdiction to make the order for sale, the objection to it on a motion to vacate may be made at any time. Palansky v. Reich, 11 N.J. Mis. R. 106; affirmed,111 N.J. Law 241; Jersey City Welding and Machine Works v. HudsonCounty White Co., 116 N.J. Eq. 548.
The motion of the complainant will be granted. *Page 47