WALTER L. DAVIS, PETITIONER-PROSECUTOR, v. DIVISION OF TAX APPEALS, DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued January 23, 1947—Decided February 20, 1947.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Elmer O. Goodwin.*

For the respondent, *Thomas L. Parsonnet* (*Vincent J. Casale,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a tax case. It presents the usual question. Did prosecutor establish by persuasive evidence that his land and premises were erroneously assessed for the tax year of 1945? Our answer is in the negative.

Prosecutor is the owner of the premises designated and known as Lot 62-1, Block 1891, 524-526 Orange Street, Newark, New Jersey. It is located on a business street. It begins at a point 27.50 feet west of Myrtle Avenue. The plot has a frontage of 48.83 feet on Orange Street, the easterly 30 feet thereof is 100 feet in depth. The westerly 18.83 feet thereof is 118.29 feet in depth on the easterly side and 115.22 feet on the westerly side, or has an average depth of 116.75 feet. The building on the plot is a two story structure. The easterly portion thereof was built in 1900 and the westerly portion in 1910. The rear of the easterly portion is of frame

construction, with concrete block construction on the extreme rear; the westerly portion is of hollow tile construction; and the front of the building is so constructed that it gives the appearance of a single unit, a single building.

The first floor is used by the prosecutor as a funeral parlor with all necessary facilities incident to such use. The second floor consists of two apartments, each containing five rooms and bath. One apartment is occupied by the caretaker of the funeral parlor and the other is rented to a private tenant. There are also two rooms in the open attic which are used for storage purposes.

Pursuant to *R. S.* 54:4–23 (duty of assessor; standard of value), the local assessor determined the "full and fair value" of the premises, as of October 1st, 1944, for the tax year of 1945, as follows: Land, $11,300; improvements, $10,500; total $21,800. On appeal to the Essex County Board of Taxation, that body concluded that the property was not "excessively assessed," and, therefore, refused to grant any reduction. On further appeal to the Division of Tax Appeals (Department of Taxation and Finance) that body sustained the assessment of $11,300 on the land but reduced the assessment of $10,500 on improvements to $8,500, thus making a total assessment of $19,800, instead of $21,800. Prosecutor was allowed a writ of *certiorari.*

Prosecutor takes the position that since he acquired the property in question from the City of Newark for $10,300 as the highest bidder at a public sale thereof, conducted pursuant to *R. S.* 54:5–114.1; *Pamph. L.* 1941, *ch.* 232 (sale of tax certificates, &c.), the sum of $10,300 fixes the "full and fair value" of said premises within the meaning of *R. S.* 54:4–23. The position taken is not sound. (For the status of a purchaser under *R. S.* 54:5–114.1 compare *Kurzius* v. *Hillside Land Co.,* 112 *N. J. Eq.* 466, 468; 164 *Atl. Rep.* 687; *Atlantic City* v. *Gardner,* 124 *N. J. Eq.* 110, 111, 112; 199 *Atl. Rep.* 724.) But whatever the status of the prosecutor may be, the sale by the city of the property for $10,300 does not necessarily determine its true value as of October 1st, 1944. It was not a sale, either within the meaning of the statute (*R. S.* 54:4–23) or the decisions of our courts. *Cf. New*

*Jersey Bell Telephone Co.* v. *Newark,* 118 *N. J. L.* 490, 494; 193 *Atl. Rep.* 844; *affirmed,* 124 *N. J. L.* 451; 12 *Atl. Rep. (2d)* 675; *Camden County Realty Co.* v. *State Board of Tax Appeals,* 131 *N. J. L.* 132, 133; 35 *Atl. Rep.* (2d) 221; *Craven* v. *State Board of Tax Appeals,* 130 *N. J. L.* 362; 33 *Atl. Rep.* (2d) 292. We need hardly labor the point for apparently prosecutor did not think that the full and fair value of the property was $10,300. In his petition of appeal to the State Division of Tax Appeals, he places a value of $11,925 upon it. And his expert on valuations placed a valuation of $12,000 upon it, $6,100 on land and $5,900 on building.

For the City of Newark, its assessor adhered to his aforestated assessment. The expert for the city reached the same result. He did so on the following basis; he valued the 30 x 100 feet at $225 a foot which totaled $6,750. As to the 18.83 feet with an average depth of 116.75 feet, he applied the depth factor to it of 106.7 which gave him 20.09 effective feet at $225 a front foot, or a total of $4,520.25, which made a total of $11,270.25 or in round figures $11,300.

He placed a value of $10,600 on the buildings. He did so on the basis that the buildings contained approximately 76,000 cubic feet. On a reproduction cost of 42 cents, less 66-2/3% depreciation, he got a net figure of 14 cents, which multiplied by 76,000 gave him the stated figure. In addition this witness disclosed that his basis of valuations found support in the sale of a comparable piece of property, immediately adjoining prosecutor's property, on January 2d, 1946, for $17,000.

Our independent appraisal of the evidence satisfies us that prosecutor failed to establish by persuasive evidence that the Division of Tax Appeals erred in its determination. *Tennant* v. *Jersey City,* 122 *N. J. L.* 174; 4 *Atl. Rep.* (2d) 395; *affirmed,* 123 *N. J. L.* 200; 8 *Atl. Rep.* (2d) 325; *Gannon* v. *State Board of Tax Appeals,* 123 *N. J. L.* 450, 452, 453; 9 *Atl. Rep.* (2d) 531; *Lawrence Township* v. *State Board of Tax Appeals,* 124 *N. J. L.* 465, 467; 12 *Atl. Rep.* (2d) 244.

The writ is dismissed, with costs.