This is a strict foreclosure of a tax title certificate — the second foreclosure thereof. Defendants are mortgagees. Heretofore a final decree was obtained in this court by complainant, respecting the land involved in the present suit, but not against the present defendants-mortgagees. The allegation in the present bill is that the defendants were omitted from the *Page 53 
first suit through inadvertence. Defendants deny the allegation of "inadvertence," and aver that failure to join them as defendants (in the first suit) was the result either of deliberate choice or inexcusable neglect and that, in either case, they are entitled to a dismissal of the present bill.
The right to maintain a second suit in case of the inadvertent omission of a necessary or proper party, is not in doubt. In such an event a second strict bill may be filed. Schuster v.Kurzius, 112 N.J. Eq. 466; 164 Atl. Rep. 687; Sears, Roebuck Co. v. Camp, 124 N.J. Eq. 403; 1 Atl. Rep. 2d 425.
Whether or not the circumstances disclosed by the proofs herein spell out a case of inadvertence is the question.
The defendants' mortgages were recorded; complainant, therefore, had constructive notice thereof. Because of the expense of having a title company make the necessary title search to enable counsel to ascertain who should be made defendants to the first foreclosure, it was determined by counsel for complainant in consultation with all three members of the township committee (of complainant municipality) to forego a title company search; in lieu thereof, counsel was instructed to use his own judgment and make such searches as he deemed necessary. The testimony of Mr. Rothermel, the township solicitor, was refreshingly frank throughout, and on this point he says: "I made the mistake of trying to do the job myself." Mr. Rothermel did, however, make an investigation of the title; he consulted with the officers of the West Jersey Title and Guaranty Company with whom he had done a very considerable amount of business in connection with the foreclosure of tax sale certificates, he had access to the records of that company, and he also had the benefit of an investigation made by his assistant, Mr. Dumbleton.
Mr. Rothermel did not know of the existence of defendants' mortgages until shortly before this second foreclosure suit was instituted (and, of course, after the entry of the final decree in the first suit). He did know (by his examination of the records in the title company) that there had been a mortgage foreclosure by the Camden Securities Company, and he mistakenly believed that that foreclosure made it unnecessary to *Page 54 
search for prior mortgages on the lands covered by the Camden Securities Company mortgage and later sold to complainant at tax sale. Resting on that assumption, Mr. Rothermel did not search the records which would have disclosed defendants' mortgages. The error was made in entire good faith. But suppose Mr. Rothermel had made a search of the mortgage records and, through oversight, had failed to note the mortgages in question. Is there any doubt that the court would in those circumstances have permitted a second foreclosure? I do not think so. Cf., Sears, Roebuck Co. v. Camp, supra, and Parker v. Child, 25 N.J. Eq. 41.
There is no logical difference in quality, it seems to me, in an error which leads one away from certain record books because it is honestly conceived to be unnecessary to search the period covered by those records, and an error which occurs by failure to observe certain entries in the record-books which are examined. The penalty for one should be no greater than the penalty for the other. In either case an omitted party remains unaffected by the judgment. I can discern no equity in the claim now made by defendants that the municipality lost the right to foreclose against an omitted encumbrancer where, as here, there is no taint of bad faith on complainant's part and where the defendants' rights have been in no way adversely affected. The defense is accordingly overruled.
If redemption is desired by the mortgagees, it will be ordered.
No costs will be allowed any of the parties. *Page 55