**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1124-17T2

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

PAMELA A. YOUNG, MR. YOUNG,
husband of PAMELA A. YOUNG,
DENNIS E. YOUNG, MRS. DENNIS
E. YOUNG, his wife, and
BENEFICIAL SAVINGS BANK,

    Defendants.

_____

Submitted March 20, 2019 – Decided April 11, 2019

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-024551-14.

Ragan & Ragan, PC, attorneys for appellant NJHR15, LLC (W. Peter Ragan, Sr., on the briefs).

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Appellant third-party bidder NJHR15, LLC[1] appeals from the following orders: a September 1, 2017 order granting a motion to vacate a sheriff's sale and withhold deposit money, and an October 19, 2017 order denying the TPB's motion for reconsideration. For the reasons that follow, we reverse and remand.

The relevant facts are undisputed. On July 24, 2007, defendant Paula Young executed a note in favor of Wachovia Bank, N.A.,[2] in the amount of $103,000, and a mortgage on property located in Wrightstown (property). The property was subject to a first mortgage dated March 12, 2003, in the amount of $232,000. Young defaulted on the note in November 2012.

The Bank filed a foreclosure complaint against Young in June 2014. A final judgment of foreclosure was entered on August 21, 2015.

The TPB purchased the property at a sheriff's sale on November 3, 2016. On January 13, 2017, the parties consented to vacating the sale of the property based on the discovery of the prior 2003 mortgage.

In its advertisement of the property for the second sheriff's sale in March 2017, the Bank disclosed a prior mortgage in the amount of $232,000 as of

---

[1] Appellant was the successful third-party bidder (TPB) of certain real property sold at a sheriff's sale. We refer to appellant as the TPB.

[2] Plaintiff Wells Fargo Bank, N.A. (Bank) is the successor-by-merger to Wachovia Bank, N.A.

A-1124-17T2

March 12, 2003. The TPB again was the successful bidder and deposited $10,000 toward the purchase of the property.

In August 2017, the TPB filed a motion to vacate the sale, alleging the actual amount due on the prior mortgage, $284,644, was considerably more than stated in the advertisement for the second sheriff's sale. The Bank did not object to the TPB's motion because the TPB failed to pay the full bid amount by the specified date. However, the Bank opposed the TPB's request for the return of its deposit.

On September 1, 2017, the motion judge determined the TPB was not entitled to vacate the sale because it was aware of the prior mortgage and failed to exercise due diligence in ascertaining the current amount due. However, the judge vacated the sale because the TPB failed to pay the full purchase price for the property within the allotted timeframe. The judge also ordered the TPB's deposit money be withheld pending the determination of any damages associated with the third sale of the property.

The TPB filed a motion for reconsideration, which the judge denied.

On appeal, the TPB asserts the judge erred in failing to return the full deposit because the Bank did not comply with the requirements of N.J.S.A. 2A:61-16. In addition, the TPB contends the judge erred in failing to reconsider

her decision based on Summit Bank v. Thiel, 325 N.J. Super. 532, 538 (App. Div. 1998), aff'd as modified, 162 N.J. 51 (1999) (holding the failure to disclose tax liens sufficient to vacate a sheriff's sale).

We review an order granting or denying a motion to vacate a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-503 (2008). We will find an abuse of discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Nat'l Bank Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v.Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2010)).

Similarly, we review an order denying reconsideration under the same abuse of discretion standard. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). A party may file a motion for reconsideration seeking to alter or amend a judgment or order, as long as the motion "state[s] with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2.

We first address the TPB's contention that the judge erred in failing to return its deposit after vacating the second sheriff's sale. A court of equity has the authority to set aside a sheriff's sale and order the resale of the property

based on considerations of equity and justice. Crane v. Bielski, 15 N.J. 342, 346 (1954). The power to vacate a foreclosure sale is limited to situations where there is "fraud, accident, surprise, irregularity in the sale, and the like, making confirmation inequitable and unjust to one or more parties." Ibid. (quoting Karel v. Davis, 122 N.J. Eq. 526, 530 (E. & A. 1937)).

After bidding on the property at the second sheriff's sale, the TPB discovered the amount of the prior mortgage was considerably more than the amount advertised by the Bank. Because the Bank failed to include the approximate amount of the prior mortgage in its advertisement for the sale of the property, pursuant to N.J.S.A. 2A:61-16, the TPB contends its deposit should be returned. N.J.S.A. 2A:61-16 requires "a reasonable description of the . . . liens or encumbrances therein with the approximate amount of such liens and encumbrances, if any, be inserted in the notices and advertisements . . . . "

The term "approximate" is not defined in the statute. Thus, we look to the dictionary for a definition. The dictionary defines "approximate" as "nearly correct or exact: close in value or amount but not precise." Approximate, Merriam-Webster Online Dictionary (last visited Apr. 1, 2019).

The advertised amount in the bid associated with the second sheriff's sale was $232,000 and the actual amount of the prior mortgage was $284,663.78,

representing a twenty-two percent increase. The $52,633.78 difference is not "nearly correct" or "close in value" to constitute an "approximate" amount.

The Bank argues that the TPB had the ability and opportunity to investigate the amount of the prior mortgage. According to the Bank, the TPB became aware of the prior first mortgage after the first sheriff's sale. Because the TPB had knowledge of the prior mortgage, the Bank contends the TPB had a duty to make a reasonable inquiry as to the lien amount. See Fuchs v. Syndicate Realty Co., 107 N.J. Eq. 506, 508 (E. & A. 1931).

During argument on the motion, the Bank never claimed it was prohibited from disclosing more accurate information regarding the prior mortgage. The judge took judicial notice that there are "restrictions imposed on financial institutions regarding disclosure of information to third parties." Neither the Bank nor the trial court point to any statutes, regulations, or other legal bases to support the claim that the Bank was unable to disclose a "nearly correct" amount as to the prior mortgage before the second sheriff's sale in March 2017.

Less than two months after the second sheriff's sale, the Bank provided the exact amount of the total principal, interest, and other amounts due under

the 2003 note and security instrument for the property.[3] Nowhere in the record does the Bank deny it knew the "nearly correct" amount of the prior mortgage as of the date of the second sheriff's sale.

It is unclear from the record why the Bank could not provide a "nearly correct" value as to the amount of the prior mortgage until after the second sheriff's sale. Nor does the record reveal how the TPB could find the approximate value of the prior mortgage from other sources if the Bank was restricted in providing financial information regarding the prior mortgage. Without a clearer record, we are unable to determine whether the judge abused her discretion in failing to return the TPB's deposit. We therefore reverse and remand for reconsideration after developing a more complete record.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] A letter from the Bank, dated May 1, 2017, was included in the TPB's appendix, but the name and address of the recipient was redacted.

A-1124-17T2