740 A.2d 139

SUMMIT BANK, SUCCESSOR BY MERGER TO OCEAN NATIONAL BANK, PLAINTIFF–APPELLANT, v. DENNIS THIEL AND ROSE THIEL, HUSBAND AND WIFE, AND ALLIED BUILD- ING PRODUCTS, INC., DEFENDANTS.

IN THE MATTER OF R & H PARTNERSHIP, RESPONDENT.

Argued September 14, 1999—Decided October 28, 1999.

*Timothy A. Kalas* argued the cause for appellant (*Bourne, Noll & Kenyon,* attorneys; *James R. Ottobre,* of counsel; *Michael O'B. Boldt,* on the briefs).

*Lee David Medinets* argued the cause for respondent.

PER CURIAM.

The issue raised in this appeal is whether a real property tax lien constitutes a "lien or encumbrance" within the meaning of *N.J.S.A.* 2A:61–16. That statute allows a purchaser at a sheriff's sale to be relieved of a bid, before delivery of the deed, if the notice of sale fails to list any lien or encumbrance on the property. A majority in the Appellate Division concluded that a real estate tax lien falls within the scope of the statute and allowed the purchaser to withdraw its bid. The case is before us by virtue of a dissent in the Appellate Division. *R.* 2:2–1(a). With two slight modifications, we affirm the judgment of the Appellate Division substantially for the reasons expressed in the majority opinion, reported at 325 *N.J.Super.* 532, 740 *A.*2d 140 (App.Div.1999).

We add that a mortgagee can give notice of any existing realty tax lien by inserting the amount of delinquent realty taxes due as of a specific date in the notices and advertisements required by law. The mortgagee shall not be obligated to update the tax lien information in the event that the first scheduled date of public sale is adjourned. Because the procedure required by

this case may represent a departure from the prevailing practice, this decision shall be applied to this case and to cases in which the public sale was conducted after May 19, 1998, the date when the Appellate Division rendered its decision. *See Olds v. Donnelly,* 150 *N.J.* 424, 449–50, 696 *A.*2d 633 (1997); *Crespo v. Stapf,* 128 *N.J.* 351, 367–71, 608 *A.*2d 241 (1992).

We modify and affirm the judgment of the Appellate Division.

*For affirmance*—Chief Justice PORITZ and Justices O'HERN, STEIN, COLEMAN, and VERNIERO—5.

*Opposed*—None.