**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1939-15T3

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

GEORGE TORNEY,

    Defendant.

_____

          Submitted February 9, 2017 — Decided June 9, 2017

          Before Judges Lihotz and Whipple.

          On appeal from Superior Court of New Jersey,
          Chancery Division, Camden County, Docket No.
          F-30500-14.

          The Law Offices of Charles M. Izzo, attorney
          for appellant Edward Shuman (Charles Michael
          Izzo, on the brief).

          Reed Smith L.L.P., attorneys for respondent
          (Henry F. Reichner, of counsel and on the
          brief).

PER CURIAM

Edward Shuman,[1] the winning bidder at a Sheriff's Sale, appeals from a November 30, 2015 order vacating the sale. Shuman filed the motion to vacate the sale and sought the return of his $10,000 deposit. The court vacated the Sheriff Sale but only returned $7500 to Shuman. Shuman argues he is entitled to the return of his full deposit. We affirm.

Plaintiff Wells Fargo Bank, N.A. (Wells Fargo) commenced a foreclosure action against George Torney on July 25, 2014, after Torney defaulted on his mortgage. Final judgment was entered on July 27, 2015. Thereafter, Wells Fargo submitted its Sheriff Sale package to the Camden County Sheriff.

The Wells Fargo package included a Short Form property description, pursuant to N.J.S.A. 2A:61-1, in order for the Sheriff to advertise the sale. The property description specifically disclosed it was subject to a $94,000 first mortgage and "[a]ll interested parties are to conduct and rely upon their own independent investigation to ascertain whether or not any outstanding interest remain of record and/or have priority over the lien being foreclosed and, if so the correct amount due thereon." The conditions of sale attached to the Short Form also

_____

[1] We note at the hearing, Edward Shuman was sworn in as Edward Schuman; however, in his certification and papers on appeal, his last name is spelled Shuman. We therefore have used Shuman throughout this opinion.

A-1939-15T3

declared the property was subject to a prior mortgage. The prior mortgage was also disclosed on the Affidavit of Consideration. Wells Fargo advertised the sale for four consecutive weeks.

Shuman learned of the sale through the Sheriff's website, which did not disclose the property was subject to a prior mortgage. At the sale, the foreclosure attorney's representative made general announcements but did not announce the property was subject to a prior mortgage. On the printed condition of sale, the box next to "subject to a first mortgage" was not checked. Shuman was the winning bidder at $49,000. He tendered a $10,000 deposit for the property to the Sheriff following the sale.

According to Shuman, it was not until later the same day when he inquired about tax liens that he learned the property was subject to a prior mortgage. Shuman contacted Wells Fargo and requested the sale be vacated and his deposit returned. After Wells Fargo refused, Shuman moved before the Chancery Division to vacate the sheriff sale and for return of his deposit as a third-party bidder on October 20, 2015.

At oral argument, counsel for Wells Fargo argued Shuman was not a first time purchaser at a Sheriff's Sale and was required to do his own independent investigation prior to the sale. Shuman should have read the advertisement and sale package submitted to the Camden County Sheriff, which clearly stated the property was

subject to a prior mortgage. Shuman argued he was unaware of the prior mortgage because the condition of sale read at the sale did not disclose the mortgage, and Wells Fargo did not fully comply with the statutory public advertisement requirement, and he was entitled to relief.

The judge agreed and granted Shuman's motion to vacate the sheriff sale, but the judge found Shuman himself had fallen short in his obligation, as a bidder, to conduct diligent inquiry. Thus, while vacating the sale, the judge only ordered $7500 returned to Shuman, retaining $2500 for Wells Fargo to relist the property and pay taxes and interest on the property until another sheriff sale was held. Shuman appealed.

Shuman argues the trial judge abused her discretion by not refunding the full $10,000 deposit, and the remaining $2500 should be returned to him. We disagree.

We review an order granting or denying a motion to vacate a sheriff sale under an abuse of discretion standard. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Nat'l Bank Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2010)).

Pursuant to N.J.S.A. 2A:61-1, advertisements of sale must "give notice of the time and place of the sale by public advertisement . . . at least [three] weeks before the time appointed for the sale."  The advertisement must be posted in the sheriff's office and at the property to be sold.  N.J.S.A. 2A:61-1.  Here, the advertisement was published in the newspaper and the Sheriff's Office, and disclosed the existence of the prior mortgage, thereby satisfying the posting requirement of N.J.S.A. 2A:61-1.  Shuman only viewed a listing on the Sheriff's website, which did not provide any additional information besides the date, time, and price of the sale; Shuman did not check the full printed advertisement.

Shuman argues the conditions of sale read at the Sheriff Sale were deficient because there was no mention of a prior mortgage, and the trial judge should have granted full relief pursuant to N.J.S.A. 2A:61-16, which states,

> Any purchaser of real estate at any public sale, held by any officer or person mentioned in [N.J.S.A.] 2A:61-1 . . . shall be entitled to be relieved from his bid if, before delivery of the deed, he shall satisfy the court by whose authority such sale was made of the existence of any substantial defect in or cloud upon the title of the real estate sold, which would render such title unmarketable, or of the existence of any lien or encumbrance thereon, unless a reasonable description of the estate or interest to be sold, and of the defects in title and liens

> or encumbrances thereon, with the approximate amount of such liens and encumbrances, if any, be inserted in the notices and advertisements required by law, and in the conditions of sale; but, if the court shall direct any lien or encumbrance not described, and which is due and payable, to be paid out of the proceeds of sale, the purchaser shall not then be relieved by reason of such lien or encumbrance.

The statute allows "a court to relieve a purchaser at public sale from his bid upon equitable grounds." Powell v. Giddens, 231 N.J. Super. 49, 53 (App. Div. 1989).

While N.J.S.A. 2A:61-16 was designed to "shift the burden of unearthing the existence and approximate amount of superior liens from bidders to the selling mortgagee," Summit Bank v. Thiel, 325 N.J. Super. 532, 538 (App. Div. 1998), aff'd, 162 N.J. 51 (1999), the bidder has a duty to make an independent investigation into the property prior to the sale. The advertisement specifically disclosed the property was subject to a mortgage, and had Shuman made any inquiry about the property, he would have learned of the prior mortgage. While Wells Fargo's announced conditions of sale should have contained the same disclosure, Shuman should have made an independent inquiry about the property prior to the sale.

"Courts of equity are not restricted to issue only known remedies." Banach v. Cannon, 356 N.J. Super. 342, 361 (Ch. Div. 2002). Rather,

> [e]quitable remedies are distinguished for their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application; the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all the parties.
>
> [Sears, Roebuck & Co. v. Camp, 124 N.J. Eq. 403, 411-12 (E. & A. 1938) (citation omitted).]

The record demonstrates both parties shoulder responsibility: Wells Fargo should have ensured the conditions of sale announced at the sale stated the property was subject to a prior mortgage, and Shuman should have conducted an independent inquiry prior to the bidding. The judge balanced the equities and fashioned a remedy. We discern no abuse of discretion for the trial judge to vacate the sheriff sale and only return $7500 of Shuman's deposit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1939-15T3