**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1390-22

WELLS FARGO NATIONAL
ASSOCIATION, AS TRUSTEE
FOR CERTIFICATE HOLDERS
OF BEAR STEARNS ASSET
BACKED SECURITIES LLC,
ASSET BACKED CERTIFICATES,
SERIES 2007-AC6,

      Plaintiff-Respondent,

v.

PAUL R. HAUKE,

      Defendant-Appellant,

and

MRS. PAUL R. HAUKE,
his wife, SOPHIE HENRY,

      Defendants.

_____

Argued November 15, 2023 – Decided November 29, 2023

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-015317-17.

Paul R. Hauke, appellant, argued the cause pro se.

Robert D. Bailey argued the cause for respondent (Hinshaw & Culbertson, LLP, attorneys; Robert D. Baily and Ben Z. Raindorf, on the brief).

PER CURIAM

Defendant Paul R. Hauke appeals from a December 16, 2022 order in this residential foreclosure action denying his motion to set aside the sheriff's sale. Because we find no error in the decision, we affirm.

We sketched the essential facts in our 2020 decision affirming the final judgment of foreclosure. Wells Fargo National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities LLC, Asset Backed Certificates, Series 2007-AC6 v. Hauke, A-3366-18, slip op. at 1-2 (App. Div. Apr. 23, 2020). Defendant borrowed $550,000 from plaintiff's predecessor, United Community Mortgage Corp., in 2007, secured by a mortgage on his home in Point Pleasant. Id. at 1. He made his last payment on the mortgage note less than a year later. Ibid. Plaintiff filed its foreclosure action in 2017, and final judgment was entered in 2019. Ibid.

2

The property was struck off at sheriff sale to a third-party in April 2022. The judge denied defendant's motion to set aside the sale, or extend his right of redemption for sixty days, finding his claims that neither he nor Sophie Henry, his ex-wife, were served with notice of the sale; that notice of the sale was not posted on the property or in the sheriff's office and was not published in two newspapers; that the outstanding taxes, water and sewer charges were not announced at the sale; and that the sheriff failed to conduct the sale in accordance with N.J.S.A. 2A:50-64(a)(3)(a), to be either invalid or without support. The judge likewise denied defendant's motion for reconsideration. That sale, however, was set aside a few months later by consent.

The property was again relisted for sale by the sheriff. On October 25, 2022, the same judge who'd presided over the foreclosure and the first sale denied defendant's emergent request for an adjournment of the second sale. This time, the property was struck off to plaintiff. Defendant moved to set aside the sale, raising the same issues he'd raised the first time. Plaintiff opposed the motion with proof of its certified mailings, its newspaper notices and its bid instructions for the sheriff's sale.

Relying, in part, on the legal conclusions supporting his denial of defendant's motion to set aside the first sale, the judge denied defendant's

motion to set aside the second sale. Specifically, the court rejected defendant's issues as to notice to defendants as defendant had actual notice of the sale, evidenced by his emergent notice to adjourn it, see First Mut. Corp. v. Samojeden, 214 N.J. Super. 122, 128 (App. Div. 1986) (observing "actual knowledge of the date of the adjourned sale" is dispositive). The judge found defendant's ex-wife, who did not sign the note or mortgage, was named only as a junior judgment creditor. She never appeared in the action and was thus not entitled to notice. See R. 4:65-2(1). The judge also noted defendant had no standing to raise a claim on behalf of his ex-wife in any event.

The judge further found plaintiff presented proof of its publication of the notice in two newspapers, and defendant produced no proof of the sheriff's failure to post notice of the sale in his office or of his failure to announce the sale was subject to outstanding taxes, water and sewer charges. As to the latter, the court noted defendant was not among the class the legislature intended to protect by adopting N.J.S.A. 2A:61-16, which "allows a purchaser at a sheriff's sale to be relieved of a bid, before delivery of the deed, if the notice of sale fails to list any lien or encumbrance on the property." Summit Bank v. Thiel, 162 N.J. 51, 52 (1999).

Finally, the judge rejected defendant's argument that the sheriff's alleged violation of N.J.S.A. 2A:50-64(a)(3)(a), mandating the sheriff "conduct a sale within 150 days of the sheriff's receipt of any writ of execution issued by the court in any foreclosure proceeding," required the sale to be set aside. First, the judge noted defendant failed to provide any proof as to the date "of the sheriff's receipt" of the writ, and thus defendant could not establish the sale was conducted beyond the permitted 150 days. Defendant points only to the date of the issuance of the alias writ, September 9, 2021, 411 days prior to the October 25, 2022 sale. But the plain language of the statute measures the 150 days from the sheriff's receipt of the writ, not the date the writ was issued.

Further, as with N.J.S.A. 2A:61-16, defendant is not within the class the legislature intended to benefit and protect by enacting N.J.S.A. 2A:50-64(a)(3)(a). The statute allows a mortgagee to request the Office of Foreclosure appoint a Special Master to conduct the sale of the property if the sheriff fails to do so within 150 days or receipt of the writ commanding him to do so. Thus, the statute provides a permissive remedy to a mortgagee unable to have the real property timely sold by the sheriff; it provides no remedy for a mortgagor in the event the sheriff fails to do so.

Defendant appeals, reprising his arguments to the trial court and adding that the trial judge failed to fully explain his reasons for refusing to set aside the sheriff's sale in accord with Rule 1:7-4(a). We disagree. We are satisfied the judge several times addressed each of defendant's arguments as to the alleged invalidity of the sale. We also agree the trial judge was correct to reject defendant's claims and find his arguments to the contrary without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Although the Chancery court has the power to vacate a sheriff's sale, its exercise is limited to situations where there is "'fraud, accident, surprise, irregularity in the sale, and the like, making confirmation inequitable and unjust to one or more of the parties.'" Crane v. Bielski, 15 N.J. 342, 346 (1954) (quoting Karel v. Davis, 122 N.J. Eq. 526, 530 (E. & A. 1937)). Because defendant failed to demonstrate such circumstances here, we affirm the denial of his motion to vacate the sale, essentially for the reasons expressed by the trial judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1390-22